**IN THE COURT OF APPEALS OF IOWA**

No. 22-1648
Filed December 21, 2022

**IN THE INTEREST OF R.B. and A.B.,**
**Minor Children,**

**J.B., Father,**
     Appellant,

**T.L., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Eric J. Nelson, District Associate Judge.

A mother and father appeal the termination of their parental rights.
**AFFIRMED ON BOTH APPEALS.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant father.

Sara E. Benson of Meldrum & Benson Law, P.C., Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Amy Elizabeth Garreans of Garreans Law L.L.C., Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

A mother and father separately appeal the termination of their parental rights. They contend the State failed to establish a ground for termination. They also allege termination was not in the best interests of the children. The father claims his close bond with the children should preclude termination. And the parents assert the Department of Health and Human Services (DHHS) failed to provide reasonable efforts to reunite the family. We find clear and convincing evidence supports a statutory ground for termination. Termination is in the best interests of the children and any bond between the children and the father is insufficient to prevent termination. Finally, the parents did not preserve their reasonable efforts claims. We affirm.

**I.      Background Facts & Proceedings**

This family came to the attention of DHHS in early 2021 due to concerns over the parents' substance abuse and the condition of the home, which was reported to be covered in feces and urine. Two children were living in the home: R.B., born in 2017, and A.B., born in 2016. Both were determined to have significant special needs. When DHHS attempted to do a home visit in February 2021, the family had moved to a new residence. The children were removed from parental custody several months later, in May 2021, due to the mother and the children testing positive for methamphetamine, amphetamines, and THC. The father tested positive for marijuana. Two separate child abuse assessments were founded, the first against the mother and the second against both parents.

The children have been placed outside the home since the initial removal, a period of over fifteen months at the time of the termination hearing. After multiple

stays at various foster placements, the children were placed at Children's Square Shelter in June. While there, concerns arose that the parents were under the influence during visits. The children were adjudicated in need of assistance (CINA) on June 11, 2021, pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (p) (2021). The children remained at Children's Square until March 2022, when they moved to a foster placement equipped to handle the children's special needs. Both children, who are on the autism spectrum, require occupational and speech therapy. At the time of removal, the children were non-verbal and were not toilet trained.

Neither parent attended the children's medical appointments since the move in March. Additionally, the parents' visitation become inconsistent. The father blamed this on the distance between him and the placement, which is over four hours away.[1] The parents' last visit with the children was in mid-July 2022, which was their first visit in two months. The children were reportedly excited to see their father. DHHS reported that the mother did not interact with the children as much as the father.

DHHS's main concerns related to the mother were her substance abuse, mental health, and parenting skills. She completed a substance-abuse evaluation in May 2021 that recommended intensive outpatient treatment. She was unsuccessfully discharged from treatment. After an updated substance-abuse evaluation in December, she began treatment again. In August, the provider informed DHHS that they had not seen the mother in over two months. The mother

---

[1] The father was provided gas cards but did not use the gas cards for visitation.

tested positive for drugs in June 2022. She has never provided a negative screen for drugs during this case and missed a multitude of testing opportunities. The mother did not complete a psychological evaluation, nor did she complete any parenting classes. The mother did not attend the termination hearing, and her current whereabouts were unknown. There was an active warrant for her arrest.

DHHS had similar concerns for the father—substance abuse, mental health, and parenting. He obtained a substance-abuse evaluation that diagnosed him with moderate cannabis use disorder, severe stimulant disorder in sustained remission, severe stimulant use disorder, and cocaine and alcohol use disorder. He attempted intensive outpatient treatment but was unsuccessfully discharged. After obtaining an updated substance-abuse evaluation, he began treatment again. He was successfully discharged but opted to continue treatment. He testified at trial that he does not use methamphetamine and instead only uses marijuana to treat his PTSD, although he denies any recent use. The father consistently missed drug tests, claiming his work schedule prevented his attendance. He has not completed a mental-health evaluation and is not engaged in services to treat his PTSD. He successfully completed a parenting class. At the time of the termination hearing, the father was living in a hotel. The father tested positive for methamphetamine in February 2022 and missed four consecutive drug tests after that. He had test results pending at the time of the termination hearing.

The termination hearing was held September 6, 2022. Neither parent had seen the children in two months. After hearing testimony from the DHHS caseworker and the father, the court terminated the mother and father's parental

rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2022). The mother and father appeal.[2]

## II.     Standard of Review

We review the termination of parental rights de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Our review follows a three-step process. *Id.* at 39. First, we must examine if a ground for termination under section 232.116(1) has been met. *Id.* If it has, we then consider whether termination is in the best interests of the children. *Id.*; *see also* Iowa Code § 232.116(2). Finally, we must determine whether an exception in section 232.116(3) applies and should prevent termination. *P.L.*, 778 N.W.2d at 40.

## III.    Discussion

The mother and father contend the State failed to present clear and convincing evidence to support the grounds for termination. They also assert termination is not in the best interests of the children. The father claims his close bond with both children should prevent termination. Both parents claim DHHS failed to provide reasonable efforts to reunite the family.

### A.     Grounds for Termination

Both parents' parental rights were terminated under section 232.116(1)(e), (f), and (*l*). When parental rights are terminated under

---

[2] We note the mother's petition on appeal fails to identify support in the record for the claims she raises. On appeal "we will not speculate on the arguments [the appellant] might have made and then . . . comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996); *see also* Iowa R. App. P. 6.903(2)(g)(2) (requiring appellant's briefs include appropriate "references to the pertinent parts of the record"). We recognize the challenges presented when the mother has been absent from the proceedings for some time. However, parties must still comply with the appellate rules.

multiple statutory grounds, we need only find clear and convincing evidence on one ground to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We choose to examine 232.116(1)(f).[3] The only element the parents contest is whether the children could be returned to their parents' custody at the present time. "[A]t the present time" means at the time of the termination hearing. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Clear and convincing evidence supports the juvenile court's determination that the children could not be safely returned to the mother.[4] She has not completed substance-abuse treatment or demonstrated her sobriety through drug testing. The treatment provider had not seen her in the months leading up to the termination hearing. She has not addressed her mental health or parenting skills. And because DHHS has not had contact with her in some time, it is unclear if she is in a safe environment for the children. Moreover, the mother's petition on appeal acknowledges she could not safely regain custody of the children at the present time, instead claiming the children "could eventually be returned to her care." We

---

[3] Section 232.116(1)(f) is met when the court finds:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[4] The mother also claims the children could be immediately returned pursuant to Iowa Code section 232.102. Because we determine the children could not safely return home at the present time, we reject this claim.

will not make the children wait for the mother to decide to be a parent. *See In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018).

The father similarly could not safely regain custody at the present time. While he was successfully discharged from outpatient treatment and opted to continue attending, he has never submitted a drug test negative for substances. He has denied using any substance except for marijuana despite his first substance-abuse evaluation diagnosing him with a litany of substance-abuse disorders. And he has not attempted to treat his mental illness despite his own admission that he self-medicates with marijuana because of his PTSD. The father lacks stable housing, residing in a hotel at the time of termination. By his own admission, "an immediate reintegration with my children at this point in time would be a disaster." Due to his unresolved substance-abuse issues, lack of mental-health treatment, and lack of stable housing, termination of his parental rights is supported by clear and convincing evidence.

**B.     Best Interests of the Children**

Both parents contend termination of their parental rights is not in the best interests of the children. When considering the best interests of children, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2).

As explained above, neither parent has addressed the dangers that led to the children's removal and CINA adjudication. While visitation was understandably more difficult due to the distance between the parents and children, DHHS reorganized the frequency and duration of visits and provided gas cards to facilitate

them. And even before the children were moved in March, the parents were attending visits under the influence. Neither parent attended medical appointments for the children since March. Because of the children's developmental delays, attendance at such appointments is vital.

Both children have made great strides since placement out of parental custody. The children are integrated in their current foster placement, which is willing to adopt. *See* Iowa Code § 232.116(2)(b). Termination is in the children's best interests.

### C.     Close Bond

The father claims his close bond with the children should preclude termination. Under Iowa Code section 232.116(3)(c), a juvenile court may decline to terminate parental rights when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The father testified he shares a close bond with the children, evidenced by their excitement upon seeing him for visits. But he missed many visits, particularly since March, with the last visit in mid-July. In any event, whatever bond he shares with the children is insufficient to prevent termination of his parental rights. As explained above, the father has not adequately addressed his substance abuse, mental health, or obtained stable housing. The record lacks evidence that termination will be detrimental to the children. We decline, like the district court, to apply this exception to preclude termination.

**D.     Reasonable Efforts**

The parents claim DHHS did not provide reasonable efforts to reunite the family.  However, neither parent raised this issue before the termination hearing. "[P]arents have a responsibility to object when they claim the nature or extent of services is inadequate."  *In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017).  "In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding."  *Id.* at 840 (citation omitted).  The proper time to object to the services offered by the department is "at the removal, when the case permanency plan is entered, or at later review hearings."  *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).  Because neither parent objected to the adequacy of the services in a timely manner, the matter is waived.

**AFFIRMED ON BOTH APPEALS.**